Good morning. My name is Chris Petit, and I represent Chriss Street, the appellant in this case. I think where I'd like to start is by saying that I don't think there is any question that final judgments should, for the most part, be respected. I think our system depends on the finality of judgments, and I think it should be an exception that a judgment should not be vacated or disturbed. And I think that's why we have the Latworth case in the context of a Rule 60 motion. That was a case where, unlike this case, the client accepted an offer, was a part of the process that resulted in the judgment, and I think the court had no problem, and rightly so, finding that we're not going to rescue that type of client, when really the issue is regret and a feeling that the attorney gave bad advice. We're not in the Latworth situation at all. We have a situation that is far different, and I think the starting point for determining just what happened down at the court is looking at these two pretrial orders. And I would submit to the court that there's not a fingerprint on either of those documents that show that Mr. Street's lawyer had anything to do with him. Not the first one that came out in December, or the second one in January. And I would point out the first one that came out in December was after a hearing in November, where the court said, Mr. Greer's not here. Go ahead and take your best shot to submit a pretrial order. And if he doesn't do anything... What's the problem with the stipulations? If we get away from the facts, and just to the conclusion, the issues of law, it doesn't seem to be anything in the briefs about how the lawyer was incompetent as to that. It seems to be about stipulating to these facts. Absolutely. All right. Well, what difference does it make if you're saying that the lawyer shouldn't have stipulated to those facts, if Mr. Street gets up on the stand during the trial and agrees that the stipulated facts are correct? So how does he become incompetent by not complaining about things that his own client says are true? First of all, the lawyer did not stipulate in the ordinary sense. But let me He did not agree with the facts. There is a question and answer in the early part of the second day of the proceeding, where his lawyer asks a very generic question. And he says, you heard stipulated facts yesterday. Did you agree with them? The answer was yes. And if we look at that in a vacuum, okay, we can say, gee, it looks like he's agreed with everything. If you read the rest of the transcript, and I have the quotes here, because I think they're that important. If you read this transcript and look at the numerous instances where he said, I don't agree with that. And even his own lawyer was trying to elicit disagreement. And at every point, the judge said, I'm sorry, you stipulated to it. That's the way it is. We got to live by it. And even Mr. Greer said, darn it. Yes, I stipulated to it. I can't unstipulated to it. And so the damage really was done before, as I said in my briefs, the damage was done before he walked into court. And I want to talk about the expert. We don't really know that, do we? Because we don't know what would have happened if the case had proceeded differently. And I haven't seen in the materials submitted on your client's behalf that persuades me that a different result would have been obtained if your client had been able to litigate the case he wanted to litigate it. How could that be in the record? Well, that's kind of your problem, isn't it? Because there's no submission made to the bankruptcy court or the district court that persuades. And the argument seems to be our lawyer did a bad job. We're entitled to a do over. Well, that's not going to be enough. At a minimum, you'd have to establish prejudice, not just the possibility, but actual prejudice that if X evidence had come in, the result overwhelmingly would have been different. And I don't see that any place. I'll tell you where it is, because it's in at least two places that I'll point the court to. Number one is Mr. Street during the proceeding says those numbers are not accurate. Now, he wasn't allowed to go on. And I think when he went back to the court with his rule 60 motion, he should have submitted what is accurate and why it would have made a difference. And I don't see that. All I see is a request for a do over. Well, we certainly want to do over, but this is not just we don't like the result. We want to do over. I've only heard the first part. I haven't seen the second. Well, so where do I find the second? He filed his rule 60 motion in pro se and he raised the issue that his attorney was grossly negligent in stipulating to these facts. Did he have a declaration that actually said that how much the number was off? No, he did not. But did he need to? No, I don't think so. If you're correct, a lawyer makes a mistake. His client later on says, well, that was a mistake. I don't agree with that. And you don't have to show why it would have made a difference. You get an automatic retrial? You just say my lawyer wasn't good, he was negligent or whatever, and that's enough? Well, this isn't a weak summary judgment or I picked the wrong expert. Well, it's just the opposite. It's a lot stronger because this one actually went to trial. This is not a default judgment like most of your cases that you rely on or other cases. This was actually tried, litigated. The lawyer showed up. He didn't totally abandon his client. He was there for him during the trial. I thoroughly disagree with that characterization. Well, I don't care if you disagree with it. That's how it looks like to me. I do think there was something called a trial that occurred in this case. I agree with that. And I agree that this court has not yet extended the Taney law doctrine to a trial, but let me tell you why it should in this case. And they are case-by-case situations. When he came into the court, there were 81 admissions. And not all of them were material. We've never said that. But there were five or six, the damage numbers, like how much was lost. Those were done. So when he walked into the courtroom, there was no evidence that could be presented on those. And he was repeatedly stopped. And let me get back to the expert, if I might. Our point about the expert wasn't that, well, gee, the expert was withdrawn without his consent. Oh, no. That's not what we're saying. That expert was called for one reason. And the reason was to put on numbers. But he had just gone through the earlier part of the day being told every time numbers were raised that it wasn't coming in. That's why expert was pulled. But I'll tell you why this comes closer to the default context. He was no better off by walking into a courtroom and having something called a trial over these two days. Do you have any record evidence of what that expert would have testified to with the correct numbers and why the numbers that were offered and stipulated to were incorrect? He was not allowed to testify. That happens all the time. When he came in with his Rule 60 motion, he could have come in and said, this is what would have happened. Did he do it then? I will agree that his Rule 60 motion could have been better. I'm not asking could it have been better. Was there anything in that motion that documented  there was an offer that there would have been more as to specifics? I do not believe there was. Why should we take this anything more than a generalized request for a do-over? I'll tell you why. Because he wasn't allowed to put on his case. He hasn't been given his bite at the apple. Imagine being a litigant. You're at trial. You can't testify. Who picked the lawyer he hired? Pardon me? Who picked that lawyer, Mr. Greer? This preceded me by a long time, Your Honor. I don't have the answer to that question. I would infer it was your client that picked it. And your client may have to sleep in that bed. Well, I think, well, in the cases where courts have granted Rule 60 motions, I would probably assume that the lawyer— Is there anything remotely resembling this case where there's been a full trial? All of those cases involve default judgments or the converse of a default judgment. In a default context, the facts are deemed admitted because somebody does not respond. In this case, the facts were deemed admitted because he was not part of the process. The fact that they walked into a courtroom and had two days where Chris Street was prevented from testifying should not prevent this court from giving Mr. Street the bite at the apple. I agree the procedural posture is different, but the focus should not be on the negligence. Isn't that the problem? That if it's garden variety negligence, you're not saved. It has to be gross negligence. Oh, I know, and that's why I should be saved, because if this is garden variety negligence, then we've got problems. What happened here cannot be described as garden variety negligence under any circumstances. Again, where the courts have found garden variety negligence, a weak summary judgment— What the alternative evidence would have been and how that would show that this was wrong, that the stipulations were wrong, that they shouldn't have been entered, that these aren't, in fact, the true facts, as opposed to these aren't the facts that we agreed to. We have Chris Street on the record trying to say these numbers are not accurate, and the degree of negligence should not depend on what the alternative should be. The focus of the court— And all we have is a theoretical claim of prejudice. We have nothing that leads us to conclude that a different scenario would have produced a different result. And it's the negligence that has put us in that situation every time. Well, no. The negligence the second time has to be attributed to your client, because that's showing could and should have been made in the Rule 60 application, and it wasn't. Was it? Well, I've tried to answer that question before, and I don't want to— And you haven't pointed me to anything to suggest that there's an answer, so— But what I did tell—what I did say to the court is I don't believe he put specific numbers in there. Well, it's not a problem. He—I don't think it should be. He did say that if he were allowed to testify, he would have talked about offsets. He would have talked about the credits and debits. But you don't know what he would have said. I mean, we don't know what he would have said. Mr. Patel, you only have three and a half minutes left. I want to ask you just a couple of procedural questions. One, what's your response, I think, to the other court's determination that you're way out of time, that, you know, it's not a reasonable time? I mean, he knew this at the conclusion of the trial, right? He meaning your client. That's an easy one. He still had Mr. Greer as his attorney. Why would Mr. Greer— No, but he knew by himself. If I may, he had 14 days to file a Rule 60 motion if there was to be a tolling of the appeal. During that period, he had Mr. Greer as his lawyer. We would have to— No, but way beyond that, he waited, didn't he? Well, nothing could have happened during the appeal because the court didn't have jurisdiction. And when he did try to file his Rule 60 motion while the appeal was pending because he believed it needed to be filed within a year, the court struck it because it felt that it didn't have jurisdiction, which was actually correct. There's also no prejudice to the other side by when he filed it. So I don't think there's any timeliness issue here. He could have filed it before the appeal, but reasonable time is measured by the circumstances. He has a lawyer who has done what he has done, which I think is evident in the record, and I think it's unrealistic to expect this lawyer to file a Rule 60 motion right away criticizing his own conduct. So I think the circumstances are such that this absolutely was filed in a reasonable time with the appeal pending. All right. Now, what about the assertion that even when the motion was filed, there was never any claim made in the Rule 60b-6? I'm sorry? You never asserted any error under Rule 60b sub-Rule 6? Well, a couple of points there. Gross negligence only typically fits into one box if we look at the case law, and that's Rule 60b-6. And starting with McKinley back in 1968 and a series of cases, several of which are unpublished but recent, this court has said that labels are not determinative. If someone is talking about an attorney's gross negligence and they have an argument that fits within what I call the catch-all provision, which is subsection 6, any other relief, that it should be construed that way. Furthermore, I point out that my client was pro se. That does not give him a free pass to completely ignore everything, but I certainly do think it explains perhaps that there was confusion about the subsections. The reading of those subsections, I think it might be difficult for lawyers sometimes to figure out what boxes those go into. Fraud, excusable neglect, or any other relief. So I think that should not be a problem. Thank you very much. Thank you. May it please the court, counsel. This court can deny this appeal on any of three separate grounds. First is the complete absence of factual underpinnings that support the legal argument made by the appellant. This court's focused on that. Second is timeliness, and the third was the appellant's failure to raise the 60B6 catch-all argument before the bankruptcy court. I'd like to start with the heart of the case, the factual underpinnings. Not that I minimize the importance of the timing issues or the failure to raise the argument below, but there's no need to reach the second and third bases for denial of this appeal unless there's facts to support it. So what facts must the appellant show to justify the relief? There are three decisions here in the Ninth Circuit that guide this answer, and this court is well aware of them. First is Judge Taney's case, which involved an appeal from a default judgment. Taney teaches that Rule 60B6 has application when an attorney virtually abandons a client and actively and actively misleads the client about the status of the case, and in particular the outcome of the case. In Taney, the attorney filed a late answer and failed to provide a copy to the plaintiff despite being ordered to do so. He failed to contact the plaintiff regarding settlement discussions despite being ordered to do so. He failed to oppose a motion to strike the answer, and he failed to attend various hearings. And then finally, he failed to inform Taney that a default judgment had been entered for six months, instead telling Taney that the case was going well. That combination of virtual abandonment and the effort to mislead the client regarding the entry of the default constitute extraordinary circumstances beyond Taney's control. You know, I mean, sure, those are egregious circumstances, but that doesn't say the rule is limited just to those kinds of circumstances. I mean, here, if you take the allegation at face value, I mean, the attorney stipulated to facts he should not have stipulated to. I mean, determinative facts, you know, that prejudice declines case. And further, you know, there's another reading of the testimony that, you know, that he agreed to the stipulation, if you read the full context as Mr. Pate did. Certainly, certainly. Let me address first the law, and then I'll go to the facts of the case. The law, Taney is followed by law and Latshaw, which Judge Clifton authored, both make clear that these cases, 60B6 relief is granted in the context of default or default, something akin to a default. Well, that is obviously one clear context where 60B6 is granted, but it's not the only context. Understood, understood. But the, there's never, there's no case published or unpublished in the Ninth Circuit where there has been a full trial on the merits and an appeal from that result. There can be no doubt, but that this case was fully tried on the merits with Mr. Street's involvement, being testified and cross-examined. So, so, so the facts here, and maybe I'll skip through my analysis of law and Latshaw, or Latshaw, because these, this panel seems to be fully aware of it. So, turning to the facts here, as demonstrated by Judge Dean Pregerson in his very thorough order, the adversary proceeding was commenced in February of 2007 in Delaware. We litigated in Delaware. Mr. Street was represented by Attorneys Greer and the Wilmington Law Firm of Bay Yard, led by an attorney named Neil Glassman. He was transferred to this district in October of 2008 and assigned to Judge Niter, and Attorney Greer continued to represent appellant. Attorney Greer handled the following for the appellant post-transfer, a motion to transfer venue, a status conference in January of 2009. He consented to a second amended complaint. He answered and counterclaimed under the second amended complaint. He attended a pre-trial conference in September of 2009. He reviewed and agreed to a joint pre-trial conference statement. He drafted and filed a motion to continue the trial date. He defended our motion to exclude expert testimony, and he drafted and filed appellant supplemental amendment to the pre-trial order. This was after the pre-trial order that Mr. Pate was complaining about. What are you saying? There's no factual scenario in which if the attorney did all that, he couldn't possibly be negligent? I can't imagine what the factual scenario might be, your honor. Well, for one, stipulating the facts that could be contested. Let's talk about those stipulation of facts, because there's some sort of assumption here that those stipulated facts would have had merit. There's a reason why those facts were stipulated to, is because they were impossible to contest. They had been nailed down in pre-trial depositions. It would have been enormously expensive to try to stood behind each of those facts, and there simply were no witnesses other than Mr. Street who would contest those facts, because they were evident. They were all based on documents that were on their face, exhibits in the case, or they were based on Mr. Street's testimony at deposition. What was the focus of the defense to the adversary action? You know, we keep on talking about the stipulation. What was not stipulated to that was a real issue and that wasn't a foregone conclusion in what we're calling the trial on the merits that we had here? What was the defense? It's a good question, your honor, and I think that it had to do with the fact, I think the defense was, and I'm kind of speculating because I'm not in their shoes, I think the defense was, notwithstanding all these facts that are written in cement, it doesn't rise to the level of a breach of a fiduciary duty. I think that was the argument, and I examined Mr. Street, I cross-examined Mr. Street, Mr. Greer examined Mr. Street, and that seemed to be what Mr. Street was saying on the... So it was a question of law? Yeah, but it's where we got to in the case. It's where we got to in the case. I mean, there's... Let me talk about the... We've talked a lot about the factual stipulations, and you know what? It's a strategic litigation decision that the defendant had to make. It's a strategic litigation decision. Ninth Circuit has never delved into strategic litigation decisions on a Rule 60B6 motion. It's just not there. I'm sorry, what was the strategic decision that the defendant made? The decision to enter into the factual stipulations. Right, right. And we're just not... Was there a decision? The case is described to us as one where the attorney didn't respond, and so the court simply said, okay, these are the stipulated facts. You know what? I've scratched my head over that very issue. I sat at a pretrial conference in November and in January. Mr. Greer was at two of the three. I presumed he was talking with his client, having communication. They certainly were coordinated and prepared for trial together. The stipulations were brought up as early as September. It wasn't as if they were dropped on Mr. Greer in November on the eve of trial. There was back and forth over these for quite some time. In fact, there was a number of stipulations that we requested that were thrown out by Mr. Greer, saying he wouldn't stipulate to them. We said, fine, we'll just prove them at trial. Counsel has taken issue with your characterization in your brief that Mr. Street admitted to the things that were stipulated to. And he points to the record suggesting that perhaps, he didn't use these terms, but I'll use them, that perhaps you overstated your position by saying that he, in fact, admitted to all these undisputed facts. Yeah. The question was asked and that's how he answered it. And then subsequently, he seemed to back away from that by trying to challenge some disputed facts. I don't know what more to say about that. Then the other thing on the procedural posture of this is, I understand the case is appealed to the district court. And then Mr. Street decides to go pro bono, right? Pro se, yeah. Pro se, I'm sorry. And he goes pro se for the purposes of the 60B motion. But doesn't he also go pro se on the appeal before the district court? No. No, he never? So Mr. Greer continued. No, new attorney. New attorney. Attorney Hanson. And had there been something raised about negligence in the appeal? Not at all. Not in any of the briefs on appeal? No. To the district court. Okay. No. So then he pro se brings his 60B motions. I use that broadly because I'm going to get into the different sections later on, before the bankruptcy court. All right. And now, does he pro se specifically allege B1, 2, and 3? Yes. All right. Does he ever use the phrase gross negligence? You know, I heard Mr. Patel say that today, and I don't recall him saying, using the word gross. He... But he specifically says B1, 2, and 3. Correct. And that's what the district judge addresses. Correct. B1, 2, and 3. Yep. Exactly right. Exactly right. And rejects both those initial motions. One was in March of 2010, which was a little over a year after the trial. And then another was in April, which was even more. He rejects both those, not just because he lacks jurisdiction, but he also addresses the timeliness and says, look, even if I have jurisdiction, I don't think these are timely filed. This is nothing new, and it's nothing that if the appellant felt that there was a problem, should have raised it earlier. And I... When he says, you know, I don't think it's timely filed, what is the standard of review of that decision, that it was not timely filed? I think it's within the child court's discretion. So it's an abuse of discretion? Correct. So... And what's your argument on the reason? Let's say you get... We get down to the point of, okay, 20B-6 is applicable here, not just 1-2-3. What is your argument with respect to that it not be abuse of discretion in terms of reasonableness? Well... Reasonable time. I mean, look, the trial was in March, or in February 3rd and 4th. The decision was March 5th of 2010. The motion was filed 15 months later. 15 months. I mean, compared to what we saw in Taney and Lahl and Latshaw, I mean, it's not even close to a timely filing. And how long after new counsel comes on in the appealed case? In other words, counsel's going to rely on him, Greer, to complain about his own actions on appeal. But now he has a new counsel on appeal. How long was his new counsel on board on the appeal in the case, involved in the case, before he files the 60B motion in the bankruptcy court? And let's be clear. Are we talking about the appeal on the merits underlying or this appeal? I'm talking about the 60B motion. You know, I don't know. I have a better idea. I don't know the answer to that. Let me just touch base, since I have a couple minutes here, on the failure to raise this 60B6 issue with the trial court, with Judge Nider. Let me find it here. I don't need to tell this panel that you can't raise an issue for the first time on appeal. I mean, that kind of goes without saying. So to excuse that, appellant argues that Judge Nider raised this argument for him. And I think the point is that the Ninth Circuit law does not require a court to manufacture an argument for a party. The United States Supreme Court recognizes that subsection one is exclusive of subsection six. And an appellant couldn't have sought both forms of relief on his own. And so there's no reason to now, in hindsight, place that burden on Judge Nider. There was a recent Supreme Court decision in the pleading context where, forget the name of the case, but I remember reading it within the past couple months, and the complaint didn't identify section 1983 as the cause of action. And yet the court said pleading doesn't have to identify the specific statute that's the cause of action. It's a rough analogy, but there may be some analogy here. I understand. My point I just want to make clear on this, and then I can be done, is that the Supreme Court cases, they're mutually exclusive. You got it. The appellant has to make a choice. And you can't allow appellant to make that choice by pursuing subsection one, which, by the way, had a lower standard, or a lower hurdle to achieve. And then, in hindsight, tell Judge Nider, no, no, no, no, you really should have analyzed it under subsection six, which is a higher standard. So it puts the trial judge in a difficult position. Thank you. Thank you. Counsel, if I can just point you toward the 60B-6 and the reasonableness of the timing on this issue. If your client disagreed with the stipulated facts at the time of trial, and you're correct that he didn't agree with the stipulated facts, and he was there at trial, and he now knows what the stipulated facts are, and according to you, he's saying they're not correct, why wouldn't he have been on notice at the time of trial? That his attorney had stipulated the facts with which he did not agree, and yet, nonetheless, he waited 15 months before he files what we will call a 60B-6 motion. In other words, aren't you doomed both ways? Either he stipulated, and if he didn't, and he disagreed, he waited 15 months to file a 60B-6. Two issues. First of all, I have to concede to the court that he was on notice. I don't think anyone's going to get away saying he didn't know there was a stipulation. He knew he was on notice. As to the timing, you have 14 days from the entry of judgment to file a bankruptcy appeal. Very short window, and an appeal was filed within that 14 days. After that, there's no point in filing a rule 60B-6. Well, no, no, but you can still file it. The fact that you appeal doesn't preclude you from filing a 60B motion in the bankruptcy court. It precludes the court from taking any action. That's right. And he did file it when the appeal was pending, but the court can't do anything. I take that back. The court can do an indicative ruling, but the court has no jurisdiction. I want to correct one thing, Judge Benavides. You asked whether there was any reference in the first district court case in the brief about the negligence. There was. It was a merits case, so the issue of negligence wasn't appealed, but there was a reference to it, and they have that in their brief, but I'd really like to address what I think was most important that Judge Clifton brought up, which is where in the record is there any evidence that something would have been different? Where are your numbers? Where in the rule 60? And I made a mistake. I should have been more on the ball with that question, and the fact is at tab 10 in our exhibits is the rule 60 motion, and starting at page 24, and I'm not going to... It's several numbers, but just one sentence. Plaintiffs stipulated fact 40 stating that ATI terminated all its employees in 2000 and was dissolved in 2003 is false. Defendant recently... I'm sorry. What page are you on? I'm on... Well, they're serially numbered 0183, and I'm at tab 10, and if you go from the pages, you will see where he is laying out exactly what the numbers would have been or what his calculus is, and he's actually talking about sales. He's talking about assets. He's talking about payroll in Indiana. Keep in mind, this was a very complicated bankruptcy. There were companies in New Mexico. There were holding companies. This was a big... The Fruhauf bankruptcy was big, but he is saying here, look, here's where the numbers are, and it goes from pages 183 all the way to 187. He's got all of these accounts payable, current assets, cash and marketable securities, balances as of certain dates into the millions of dollars. He's got it all here. So this is not just we want a do-over. We don't like the result. We'd like a second bite at the apple. He is telling us... First of all, he was prevented from testifying. Now he is telling us in the Rule 60 motion, here's the goods that I got. I want a fair opportunity to present them, and that's what we want this court to give us. He should get it. Thank you for your argument. Thank both counsel. Thank you.
judges: Benavides, Tashima, Clifton